D. T. PORTER and W. TAYLOR, Surviving Partners of Newton Ford & Co., *v.* C. F. VANCE.

1. ATTORNEYS. *Firm. Liability of partners.* A firm of lawyers, V & A, received a note for collection. A was an administrator of an estate which was indebted to one of the parties who executed the note in a larger amount than the amount of the note. Upon a settlement, A retained amount of the note and executed a receipt in name of the firm for amount of note and interest. Upon failure to pay, upon motion, *held* that V was liable for the amount, although he knew nothing of the receipt of note for collection or the settlement.

Porter and Taylor *v.* Vance.

2. SAME. *Penalty.* The penalty of twelve and a half per cent. damages and that attorneys shall be stricken from the rolls upon return of execution endorsed *nulla bona,* for failure to pay over money collected, do not apply to a member of a firm who did not participate in the receipt or wrongful appropriation of the money. This penalty can only be applicable to the party derelict in duty and personally guilty of wrong.

### FROM SHELBY.

Appeal in error from the Circuit Court of Shelby county. J. O. PIERCE, J.

MALONE & WATSON for Porter and Taylor.

VANCE & AVERY for Vance.

FREEMAN, J., delivered the opinion of the court.

Vance and J. A. Anderson were partners in 1875, in the practice of law, in the city of Memphis. On April 15, Anderson received a note from Newton Ford & Co., for collection for ninety-two dollars, dated May 8, 1872, given by M. J. Wright and J. C. Doss. The receipt of the firm was given, showing it was received for collection, and signed in the firm name. Anderson at this time was the administrator of the estate of James Wright, the former husband of M. J. Wright, one of the makers of the note. There was due from him $236.77 to Mrs. Wright, now Mrs. Harrison, she having intermarried with one Harrison. This amount had been ascertained and fixed by the probate court of Shelby county in 1876, and after this, Harrison, the then husband, settled with Anderson by allowing him to retain $120, the amount of the note

Porter and Taylor *v.* Vance.

referred to, with interest, and Anderson paid balance of $80. It was claimed by Anderson the note was lost at this time, and so a receipt was given against it for the amount retained, in the name of Vance & Anderson. Anderson never gave up the note, though he says he afterwards found it.

Anderson failed to pay over the money to Newton Ford &. Co., the partnership with Vance was dissolved, and he left the State. Vance knew nothing of this transaction until after Anderson had gone, nor received any of the money. When in 1881, the plaintiffs called on him for the money, he refused to pay, whereupon a motion was entered against him for the amount, with interest, damages and costs, in the circuit court of Shelby county, under the sections of the Code giving this summary remedy in certain cases against attorneys.

These provisions, as found in new Code, section 4360, and following, are: "Judgments may in like manner be had in favor of the party aggrieved against any attorney in this State, upon five days' notice, for any money collected or received by him in that capacity, and not paid over on demand by the person entitled, his agent or attorney." The next section is: "Judgment will in such case be given for the amount so collected or received, with interest, and twelve and one-half per cent. damages, and all costs."

By section 4363, it is provided that, "upon return by the proper officer of an execution issued on the judgment recovered under this article, with the endorsement that the money cannot be made, or not sufficient property of the defendant to be found to make the

same, it is the duty of the court to strike such delinquent from the roll of attorneys, who shall thenceforward be disqualified to practice in the courts of this State until the debt is paid."

This remedy is given by statute in the place. of the common law remedy by action, and the same rules are held applicable to it, as in the case of such suit at common law, as the allowance of a set off and the like. See *Jones* v. *Miller*, 1 Swan, 151. It could not be questioned, that if a firm of attorneys have collected money on a debt placed in their hands for that purpose, both partners, or either of them, would be liable in a common law action in this State.

This being true, the only question is ·whether this is a collection of the money by the partner, Anderson, so that his co-partner is thereby rendered liable to suit for the sum so collected?

A majority of the court are of the opinion, and so hold, that the transaction stated, and the giving a receipt by Anderson, in the name of Vance & Anderson, was such a receipt of the money due Newton Ford & Co., as binds the firm, and makes Mr. Vance responsible for it, from which conclusion the writer of this opinion dissents. The whole court is, however, of the opinion that the penalty prescribed in section 4363 of the Code, by which an attorney failing to pay over the money, or in case of an execution returned *nulla bona*, shall be stricken from the roll of attorneys, is not applicable to the case of a partner like Mr. Vance, who did not participate in the receipt or wrongful appropriation of the money. This penalty

'can only be applicable to the party derelict in duty, and personally guilty of the wrong, and it is so adjudged.

The report of the Referees will be set aside and the judgment of the court below affirmed, holding Mr. Vance liable for the money in accord with this opinion, with costs and damages as provided in the statute.

FREEMAN, J., delivered the following dissenting opinion:

That an attorney has no authority in such a case to receive any thing but money in payment of the debt, is settled law. See *Keary* v. *Hazletine,* 6 Hum., 63; 8 Hum., 139; *Cooney* v. *Wade,* 4 Hum., 446.

This last case was this: McBride, a constable, had the claim of Cooney against Wade for collection, giving his receipt for the same. Wade placed notes in his hands for collection which McBride promised to collect and appropriate to the payment of the debt. McBride collected the money on the notes but did not appropripate to the payment of Cooney's debt, but used it for his own purposes. After this, and after going out of office, he gave Wade a receipt for the money in discharge of Cooney's judgment. Cooney, however, had an execution issued, which was sought to be quashed. The question was whether the receipt of the money by McBride, with his agreement to appropriate it, under the facts, was a satisfaction of the judgment. It was held no payment. The court say, that McBride, as Wade's agent, undertook to collect and appropriate the money to the payment of Cooney's

debt. Until collected and appropriated to that purpose, the notes and the money belonged to Wade. But while in McBride's hands, as Wade's money, it was used by him. He was Wade's debtor to that amount, and this debt, it was agreed, should be regarded as money in his hands for Cooney. This he had no right to do. He had no power to discharge Cooney's debt by assuming the debt himself, and this was, in effect, the transaction.

It is difficult, if not impossible, to distinguish the principle of this case from the one now under consideration. Anderson, administrator—not the firm of Vance & Anderson—owed Mrs. Harrison the money as her distributive share. He agreed, as the agent of the debtor of Newton Ford & Co., that he would trust his money in his hands, or this debt due, as the money of Newton Ford & Co., and assumed for Harrison and wife, that he would pay it for them to Newton Ford & Co. But he never did it. He is not shown to have had the specific money of Harrison and wife in his possession at the time. He only owed the debt, as administrator, to the distributee, and agreed with his creditor, that he, as administrator, would pay the debt to Vance & Anderson, as the agents of Newton Ford & Co., or to said firm, as against Newton Ford & Co. Was this a payment? Not until the money was so appropriated. Vance & Anderson, as attorneys, had no right to take a debt on Anderson, administrator, in payment of their debt, without their assent, and no such authority was given.

Anderson was but the agent of his firm, that is,

a partner binds his co-partner on this principle. If he had no authority to make this arrangement as to Newton Ford & Co., he had no more to do so as against his co-partner, without his assent to it. As partner, he had only authority to do that which the nature of the undertaking by the firm authorized, and which was in the line of legal duty, that is, collect the money. He was authorized to bind the firm in the performance of what he undertook to do, to the extent of the undertaking, but not in doing what the firm had not undertaken to do, and were not authorized to do by virtue of the contract for collection. This will probably be clearer, if we keep in mind the fact, that Anderson, administrator, in no way represented Vance & Anderson. Suppose this administrator had been a third party, who owed Mrs. Harrison, it could not be pretended that the agreement of Anderson to collect and apply the debt to the discharge of Newton Ford & Co.'s debt, would have been a payment until the money was actually so applied, although it came to the hands of the agent in fact. There can be no difference in principle, because the administrator happens, in this case, to be also a member of a firm who were the agents of Newton Ford & Co., for the collection of their debt on Mrs. Harrison.

In fact, this transaction was nothing more in legal effect than an assignment or transfer of the debt for the benefit of Ford & Co., to be appropriated to the discharge of the debt of the assignor. The assignee in trust may have the money in his hands, though this is not shown, but until applied it is no payment.

It cannot be said Vance, in any way, has ratified the act of his partner and agent, for the first time he hears of the transaction, long after dissolution of the firm, he promptly repudiates it and refuses to be bound by the arrangement.

Newton Ford & Co., it may be said, ratify what was done, but this cannot bind Vance to an agreement, the effect of which is to make his firm, and him individually liable for an undertaking by Anderson, administrator, to appropriate moneys in his hands as such, in a way agreed on between him and the distributee to whom it was due. Vance might have so bound himself, no doubt, if he had known of it and assented to it or acquiesced in it. But this he is clearly shown not to have done.

I but add, I am unable to see how the fact of giving a receipt by Anderson in the name of the firm can, in any way, add to the liability of Vance. It is the fact of collection or non-collection of the money, that fixes the liability, and not the question of what the partner, Anderson, chose to acknowledge by means of a receipt. It was only evidence of the result of the agreement of the parties; the facts themselves made the liability, if any existed. I think none was created by what was done, as against the non-participating partner.